UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

VICTOR S. HODGKINS, ET AL.

VERSUS

THE LOUISIANA STATE BOARD
OF ELEMENTARY AND SECONDARY
EDUCATION, ET AL.

CIVIL ACTION

NO. 90-880-JJB

## RULING ON MOTION TO CLARIFY

This matter is before the Court on a Motion (doc. 84) to Clarify Continued Validity of a Consent Judgment by the Louisiana Board of Elementary and Secondary Education ("BESE"). The motion is opposed (doc. 85) by the Louisiana Association of Educators ("LAE") and the Louisiana School Boards Association ("LSBA"). Oral argument is unnecessary. For the reasons stated herein, BESEs' Motion (doc. 84) is hereby **DENIED**.

### I. Background

The present issue arises out of a Consent Judgment made between BESE, LAE, and LSBA in 1995. The Consent Judgment was made to resolve a dispute regarding the State's award of 8g funding to religious schools by restricting the use of those funds. BESE now brings this Motion (doc. 84) to clarify the validity of a consent judgment arguing that the Consent Judgment does not adhere to the subsequent decisions of the United States Supreme Court in *Agostini v. Felton*, 521 U.S. 203 (1997) and *Mitchell v. Helms*, 530 U.S. 793 (2000).

### II. Discussion

#### a. Movants' Burden Showing Significant Change in Law

Federal Rule of Civil Procedure 60(b) provides, in relevant part, "the court may relieve a party ... from a final judgment... for the following reasons...(5)...applying [the judgment] prospectively is no longer equitable; or (6) any other reason that justifies relief." "A party

1

seeking modification of a consent decree bears the burden of establishing that a significant change in circumstances warrants revision of the decree. If the moving party meets this standard, the court should consider whether the proposed modification is suitably tailored to the changed circumstance." *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 383 (1992). "A party seeking modification of a consent decree may meet its initial burden by showing either a significant change either in factual conditions or in law." *Id* at 384.

In the instant motion, BESE is the moving party, and as such, BESE bears the burden of establishing that a significant change in factual conditions or in law warrants revision of the Consent Judgment. BESE neither alleges facts showing a significant change in circumstances nor cites any law that warrants revision of the Consent Judgment. BESE merely names two United States Supreme Court cases without providing any additional explanation regarding the significance of the cases as it applies to their Consent Judgment. Thus, BESE has not met their initial burden as the moving party to establish a significant change in factual conditions or in law as required by Fed. R. Civ. Pro. 60(b). Further, BESE has not provided any argument, evidence, or even the Consent Judgment to which it refers in support of their motion.

### b. Reasonable Time for Rule 60(b) Motion

"A motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. Pro. 60(c)(1). "'What constitutes reasonable time must of necessity depend upon the facts in each individual case.' The courts consider whether the party opposing the motion has been prejudiced by the delay in seeking relief and they consider whether the moving party had some good reason for his failure to take appropriate action sooner." *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930 (5th Cir. 1976)(Citing *11 Wright & Miller*, Federal Practice & Procedure s 2866, at 228-29)). In situations similar to the instant case, the Fifth Circuit has affirmed the district court's

decisions to deny a Rule 60(b) motion as untimely when the petitioners waited to bring the motion for fourteen months in one case and two years in another. *See Callon Petroleum Co. v. Frontier Ins Co.*, 351 F.3d 204 (5th Cir. 2003); *See also Smith v. Missouri Pac. R. Co.*, 615 F.2d 683, 685 (5th Cir. 1980).

In the instant case, BESE agreed to the Consent Judgment in 1995. The cases cited by the BESE which allegedly impact the Consent Judgment were rendered in 1997 and 2000. Although it would be difficult to determine the precise "reasonable" timeframe within which this Motion (doc. 84) should have been brought, it is clear that waiting fourteen years after the Supreme Court's allegedly relevant second decision and eleven years after the Supreme Court's first allegedly relevant decision does not constitute a reasonable period of time. BESE has not provided any reason as to why they have failed to take this action sooner. Thus, this Motion (doc. 84) has not been properly brought within a reasonable time as required by Fed. Rule. Civ. Pro. 60(c)(1).

### III. Conclusion

Accordingly, for the reasons stated herein, BESEs' Motion (doc. 84) to Clarify Continued Validity of Consent Judgment is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, this 4th day of August, 2014.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

3